# EXHIBIT B

Complete Record of State Court Filing
Circuit Court of Pike County, Mississippi
Docket No. 22-15-PCT


for


Notice of Removal filed in U.S. District Court,
Southern District of Mississippi,
Western Division

Case 1:22-cv-0001S - Document #: 1   Filed: 02/18/2022   Page 1 of 2

# COVER SHEET

**Civil Case Filing Form**
*(To be completed by Attorney/Party*
*Prior to Filing of Pleading)*

Mississippi Supreme Court   Form AOC/01
Administrative Office of Courts   (Rev 2020)

**Court Identification Docket #**

| County # | Judicial District | Court ID (CH, CI, CO) |
|---|---|---|
| 5 7 | 1 4 | C I |

**Case Year:** 2 0 2 2

**Docket Number:** 1 1 5

P C T

**Local Docket ID**

This area to be completed by clerk: 0 2 1 8 2 2 (Month / Date / Year)

Case Number if filed prior to 1/1/94

In the CIRCUIT   Court of   PIKE   County   —   Judicial District

## Origin of Suit (Place an "X" in one box only)
[X] Initial Filing  [ ] Reinstated  [ ] Foreign Judgment Enrolled  [ ] Transfer from Other court  [ ] Other
[ ] Remanded  [ ] Reopened  [ ] Joining Suit/Action  [ ] Appeal

## Plaintiff - Party(ies) Initially Bringing Suit Should Be Entered First - Enter Additional Plaintiffs on Separate Form

**Individual**

| Last Name | First Name | Maiden Name, if applicable | M.I. | Jr/Sr/III/IV |
|---|---|---|---|---|
| NUNNERY | CRAIG | | | |

___ Check ( x ) if Individual Plaintiff is acting in capacity as Executor(trix) or Administrator(trix) of an Estate, and enter style:
Estate of _____

___ Check ( x ) if Individual Plaintiff is acting in capacity as Business Owner/Operator (d/b/a) or State Agency, and enter entity
D/B/A or Agency _____

**Business** _____
Enter legal name of business, corporation, partnership, agency - If Corporation, indicate the state where incorporated

___ Check ( x ) if Business Plaintiff is filing suit in the name of an entity other than the above, and enter below:
D/B/A _____

**Address of Plaintiff**   308 WEST ROBB STREET, SUMMIT, MS 39666

**Attorney (Name & Address)**   JWON T. NATHANIEL; P.O. BOX 5445, BRANDON, MS 39047   MS Bar No. 101925

___ Check ( x ) if Individual Filing Initial Pleading is NOT an attorney
Signature of Individual Filing: *Jwon T. Nathaniel*

## Defendant - Name of Defendant - Enter Additional Defendants on Separate Form

**Individual**

| Last Name | First Name | Maiden Name, if applicable | M.I. | Jr/Sr/III/IV |
|---|---|---|---|---|
| | | | | |

___ Check ( x ) if Individual Defendant is acting in capacity as Executor(trix) or Administrator(trix) of an Estate, and enter style:
Estate of _____

___ Check ( x ) if Individual Defendant is acting in capacity as Business Owner/Operator (d/b/a) or State Agency, and enter entity:
D/B/A or Agency _____

**Business**   COE NEWNES/MCGEHEE, INC.
Enter legal name of business, corporation, partnership, agency - If Corporation, indicate the state where incorporated

___ Check ( x ) if Business Defendant is acting in the name of an entity other than the above, and enter below:
D/B/A USNR

**Attorney (Name & Address) - If Known**   MS Bar No. _____

___ Check ( x ) if child support is contemplated as an issue in this suit.*
*If checked, please submit completed Child Support Information Sheet with this Cover Sheet

## Nature of Suit (Place an "X" in one box only)

| Domestic Relations | Business/Commercial | Children/Minors - Non-Domestic | Real Property |
|---|---|---|---|
| [ ] Child Custody/Visitation | [ ] Accounting (Business) | [ ] Adoption - Contested | [ ] Adverse Possession |
| [ ] Child Support | [ ] Business Dissolution | [ ] Adoption - Uncontested | [ ] Ejectment |
| [ ] Contempt | [ ] Debt Collection | [ ] Consent to Abortion | [ ] Eminent Domain |
| [ ] Divorce:Fault | [ ] Employment | [ ] Minor Removal of Minority | [ ] Eviction |
| [ ] Divorce: Irreconcilable Diff. | [ ] Foreign Judgment | [ ] Other _____ | [ ] Judicial Foreclosure |
| [ ] Domestic Abuse | [ ] Garnishment | **Civil Rights** | [ ] Lien Assertion |
| [ ] Emancipation | [ ] Replevin | [ ] Elections | [ ] Partition |
| [ ] Modification | [ ] Other _____ | [ ] Expungement | [ ] Tax Sale: Confirm/Cancel |
| [ ] Paternity | **Probate** | [ ] Habeas Corpus | [ ] Title Boundary or Easement |
| [ ] Property Division | [ ] Accounting (Probate) | [ ] Post Conviction Relief/Prisoner | [ ] Other _____ |
| [ ] Separate Maintenance | [ ] Birth Certificate Correction | [ ] Other _____ | **Torts** |
| [ ] Term. of Parental Rights-Chancery | [ ] Mental Health Commitment | **Contract** | [ ] Bad Faith |
| [ ] UIFSA (eff 7/1/97; formerly URESA) | [ ] Conservatorship | [ ] Breach of Contract | [ ] Fraud |
| [ ] Other _____ | [ ] Guardianship | [ ] Installment Contract | [ ] Intentional Tort |
| **Appeals** | [ ] Joint Conservatorship & Guardianship | [ ] Insurance | [ ] Loss of Consortium |
| [ ] Administrative Agency | [ ] Heirship | [ ] Specific Performance | [ ] Malpractice - Legal |
| [ ] County Court | [ ] Intestate Estate | [ ] Other _____ | [ ] Malpractice - Medical |
| [ ] Hardship Petition (Driver License) | [ ] Minor's Settlement | **Statutes/Rules** | [ ] Mass Tort |
| [ ] Justice Court | [ ] Muniment of Title | [ ] Bond Validation | [ ] Negligence - General |
| [ ] MS Dept Employment Security | [ ] Name Change | [ ] Civil Forfeiture | [ ] Negligence - Motor Vehicle |
| [ ] Municipal Court | [ ] Testate Estate | [ ] Declaratory Judgment | [ ] Premises Liability |
| [ ] Other _____ | [ ] Will Contest | [ ] Injunction or Restraining Order | [X] Product Liability |
| | [ ] Alcohol/Drug Commitment (Involuntary) | [ ] Other _____ | [ ] Subrogation |

Additional top-right boxes:
[ ] Alcohol/Drug Commitment (Voluntary)
[ ] Other _____
[ ] Subrogation
[ ] Wrongful Death
[ ] Other _____

IN THE ___CIRCUIT___ ▾ COURT OF ___PIKE___ ▾ COUNTY, MISSISSIPPI

_____ JUDICIAL DISTRICT, CITY OF _____

Docket No._____ - _____ _____ _____    Docket No. If Filed
     File Yr     Chronological No.     Clerk's Local ID    Prior to 1/1/94 _____

### DEFENDANTS IN REFERENCED CAUSE - Page 1 of __ Defendants Pages
### IN ADDITION TO DEFENDANT SHOWN ON CIVIL CASE FILING FORM COVER SHEET

**Defendant #2:**

**Individual:** _____ _____ ( _____ ) _____ _____
     Last Name      First Name      Maiden Name, if Applicable    Middle Init.    Jr/Sr/III/IV

___Check (✓) if Individual Defendant is acting in capacity as Executor(trix) or Administrator(trix) of an Estate, and enter style:

   Estate of _____

___Check (✓) if Individual Defendant is acting in capacity as Business Owner/Operator (D/B/A) or State Agency, and enter that name below:

   D/B/A _____

**Business** ___USNR, LLC___
     Enter legal name of business, corporation, partnership, agency - If Corporation, indicate state where incorporated

___Check (✓) if Business Defendant is being sued in the name of an entity other than the name above, and enter below:

   D/B/A _____

**ATTORNEY FOR THIS DEFENDANT:** _____ Bar # or Name: _____   Pro Hac Vice (✓)___ Not an Attorney(✓)___

**Defendant #3:**

**Individual:** _____ _____ ( _____ ) _____ _____
     Last Name      First Name      Maiden Name, if Applicable    Middle Init.    Jr/Sr/III/IV

___Check (✓) if Individual Defendant is acting in capacity as Executor(trix) or Administrator(trix) of an Estate, and enter style:

   Estate of _____

___Check (✓) if Individual Defendant is acting in capacity as Business Owner/Operator (D/B/A) or State Agency, and enter that name below:

   D/B/A _____

**Business** _____
     Enter legal name of business, corporation, partnership, agency - If Corporation, indicate state where incorporated

___Check (✓) if Business Defendant is being sued in the name of an entity other than the name above, and enter below:

   D/B/A _____

**ATTORNEY FOR THIS DEFENDANT:** _____ Bar # or Name: _____   Pro Hac Vice (✓)___ Not an Attorney(✓)___

**Defendant #4:**

**Individual:** _____ _____ ( _____ ) _____ _____
     Last Name      First Name      Maiden Name, if Applicable    Middle Init.    Jr/Sr/III/IV

___Check (✓) if Individual Defendant is acting in capacity as Executor(trix) or Administrator(trix) of an Estate, and enter style:

   Estate of _____

___Check (✓) if Individual Defendant is acting in capacity as Business Owner/Operator (D/B/A) or State Agency, and enter that name below:

   D/B/A _____

**Business** _____
     Enter legal name of business, corporation, partnership, agency - If Corporation, indicate state where incorporated

___Check (✓) if Business Defendant is being sued in the name of an entity other than the above, and enter below:

   D/B/A _____

**ATTORNEY FOR THIS DEFENDANT:** _____ Bar # or Name: _____   Pro Hac Vice (✓)___ Not an Attorney(✓)___

# NATHANIEL LAW FIRM, PLLC

Physical Address:
750 Avignon Drive, Suite 3
Ridgeland, MS 39157

Telephone: (601) 937-2535
Facsimile: (601) 519-0017
Email: Jwon_Nathaniel@yahoo.com

Mailing Address:
Post Office Box 5445
Brandon, MS 39047

February 18, 2022

**VIA HAND DELIVERY**
Mr. Roger A. Graves
Pike County Circuit Court Clerk
Post Office Box 31
Magnolia, Mississippi 39652

> **Re:**   *Craig Nunnery vs. Coe Newnes/McGehee, Inc., d/b/a USNR, USNR, LLC, John Does Persons A-M, and John Doe Entities N-Z*; In the Circuit Court of Pike County, Mississippi

Dear Mr. Graves:

Enclosed for filing in the above referenced matter, please find a Complaint. Please file the original document in your usual and customary manner. My firm will retrieve a filed copy of the document via the MEC filing system.

Enclosed for issuance in the above referenced matter, please find Summonses for Coe Newnes/McGehee, Inc, d/b/a USNR and USNR, LLC. Please issue the Summonses in your usual and customary manner. My firm will also retrieve a filed copy of the documents via the MEC filing system.

Also, please find enclosed a Civil Cover Sheet and a check in the amount of $161.00, which represents the filing fee associated with this matter.

As usual, I appreciate your assistance with this matter. If you should have any questions or comments regarding this matter, please do not hesitate to contact me at your earliest convenience.

With kindest regards, I remain

Sincerely,

Jwon J. Nathaniel

Jwon T. Nathaniel

JTN/lrs
Enclosures

cc:   Mr. Craig Nunnery (w/o encls.)

FEE BILL, CIVIL CASES, CIRCUIT COURT

State of Mississippi
Pike County

********** RE-PRINT **********

NUNNERY V COE NEWNES/MCGHEE INC ET LA

Case # 22-15-PCT          Acct #          Paid By CHECK 2113          Rct#  89883
--------------------------------------------------------------------------------
                    CLERK FEE (CV/YTH)                         161.00




                                                         ==========
                                        Total    $       161.00
--------------------------------------------------------------------------------


Payment received from NATHANIEL LAW FIRM PLLC

              P.O.BOX 5445

              BRANDON          MS 39047

Transaction  155454 Received  2/18/2022 at 12:16 Drawer   3 I.D. BLB

Current Balance Due          $0.00              Receipt Amount $    161.00

By _Breanna Butrich_ D.C.   Roger A. Graves, Circuit Clerk


Case # 22-15-PCT          Acct #          Paid By CHECK 2113          Rct#  89883

# IN THE CIRCUIT COURT OF PIKE COUNTY, MISSISSIPPI

**CRAIG NUNNERY**                                                          **PLAINTIFF**

VS.                                              CIVIL ACTION NO. 22-15-PCT

**COE NEWNES/MCGEHEE, INC., d/b/a USNR;**
**USNR, LLC, JOHN DOE PERSONS A-M;**
**and JOHN DOE ENTITIES N-Z**                              **DEFENDANTS**

*(stamp: FILED PIKE COUNTY, MS FEB 1 8 2022 ROGER A. GRAVES CIRCUIT CLERK BY ___ DC)*

## COMPLAINT

### *JURY TRIAL REQUESTED*

COME NOW, Plaintiff, Craig Nunnery, by and through counsel, and files this Complaint

against Defendants, Coe Newnes/McGehee, Inc., d/b/a USNR; USNR, LLC; John Doe Persons A-M;

and John Doe Entities N-Z, and, in support thereof, would respectfully show the following unto the

Court, to-wit:

### PARTIES

1. Plaintiff, Craig Nunnery, is an adult resident citizen of Pike County, Mississippi, whose

residential address is 308 West Robb Street, Summit, Mississippi 39666.

2. Defendant, Coe Newnes/McGehee, Inc. ("Newnes"), is a foreign for-profit corporation

headquartered in Salmon Arm, B.C., Canada at P.O. Box 8, 3550 - 45th Street SE, Salmon Arm,

B.C., Canada V1E 4N2. Newnes designed, manufactured and marketed the Dry Package Maker at

issue in this subject case. Plaintiff is under the information and belief that in 2008, USNR acquired

the Newnes/McGehee and Coe manufacturing product lines. Plaintiff is also under the information

and belief that Newnes is a wholly-owned subsidiary of USNR and market and sell sawmill,

woodworking, and paper machinery manufacturing products under the name of USNR. Defendant

may be served with the process of this Court by service upon its legal agent for service of process:

C.T. Corporation System, 645 Lakeland East Drive, Suite 101, Flowood, Mississippi 39232.

3. Defendant, USNR, LLC ("USNR"), is a limited liability company duly formed under the laws of the State of Delaware. USNR is the corporate parent company for Newnes and is engaged in the business of manufacturing and selling Dry Package Maker machines and other sawmill, woodworking, and paper machinery manufacturing products and/or equipment throughout the United States, and particularly in the State of Mississippi. Defendant, USNR, is a registered foreign limited liability company in the State of Mississippi and is duly qualified to do business in the State of Mississippi. USNR may be served with the process of this Court by service upon its registered agent for service of process: C.T. Corporation System, 645 Lakeland East Drive, Suite 101, Flowood, Mississippi 39232.

4. Defendants, John Doe Persons and/or John Doe Entities, (persons, corporations, business entities) both domestic and foreign, whose identities are presently unknown to Plaintiff, but who/which may be described as certain persons, manufacturers, distributors, and/or trade organizations, public relations firms, law firms and/or other such entities/persons which/who may have designed, tested, manufactured, marketed and/or sold various Dry Package Maker(s) for use throughout the United States and Mississippi. Further, said John Doe Persons and/or John Doe Entities may have owned, distributed, warranted, repaired, maintained, advertised, marketed, retailed, inspected and/or received technical data and information concerning the subject Dry Package Maker machine.

## JURISDICTION

5. This court has jurisdiction over this cause of action pursuant to §9-7-81 of the Mississippi Code and §156, Article 6 of the Constitution of the State of Mississippi.

2

## VENUE

6.  Venue is proper in Pike County, Mississippi pursuant to §11-11-3 of the Mississippi Code, in that Pike County, Mississippi, is the county where a substantial alleged act or omission occurred or where a substantial event that caused the injuries occurred.

7.  The Plaintiff brings this complaint solely under state law and not under federal law and specifically not under the United States Constitution, or any of its amendments.  The Plaintiff believes and alleges that causes of action noted hereinafter set out state law claims for the conduct complained of herein.

## FACTS

8.  On or about February 22, 2019, Plaintiff, Craig Nunnery, was injured while working at the Dry Package Maker machine inside the Weyerhaeuser facility in Magnolia, Pike County, Mississippi.

9.  While Plaintiff was performing his normal job duties, the Dry Package Maker machine malfunctioned and caused a piece of lumber (a board) to hit Plaintiff in the chest area and forcefully push Plaintiff into a wall.

10.  Although the machine's safety gate was down, Plaintiff was unaware of the fact that the machine's forks could automatically cycle as he was pulling re-run boards from the reject rack.

11.  Plaintiff was never warned about the hazards of leaving the machine's forks in auto mode while adding and/or removing boards on the hoist.

12.  Plaintiff was never warned about the hazards conditions caused by operating the Dry Package Maker with the machine forks in auto versus manual mode.

13.  At the time of the incident, Plaintiff was operating the machine in a safe and proper

3

manner, and in a manner and under circumstances and/or conditions which Newnes and USNR reasonably expected and could foresee the machine would be operated.

14. Defendant, Newnes and USNR, owed a duty to the Plaintiff to use reasonable care and skill in the design, manufacture, distribution, sales, labeling, warning, testing, inspection, repair, service and maintenance of the machine in question.

15. Defendants, Newnes and USNR, were negligent in the design, manufacture, assembly, distribution, and marketing of the subject Dry Package Maker in that they failed to exercise reasonable care to prevent foreseeable injuries to the buyers and users of their machine(s), failed to adequately warn the buyers and users of the dangers inherent in the use of this product, and failed to provide adequate instruction and/or training on the use of the subject Dry Package Maker.

16. As a result of this incident, Plaintiff suffered and continues to suffer severe, permanent injuries, including without limitation left knee, left shoulder, chest, neck, and back injuries. Plaintiff has suffered and continues to suffer from injuries that prevent him from engaging in normal daily activities, which Plaintiff was fully able to perform before suffering the injuries in this incident.

17. Plaintiff has suffered and will continue to suffer physical pain and mental anguish.

18. Plaintiff has incurred substantial medical bills and Plaintiff has suffered additional monetary loss.

## COUNT I-NEGLIGENCE

19. Plaintiff re-alleges and incorporates by reference each and every allegation contained in the preceding paragraphs as though fully set forth herein.

20. Newnes and USNR at all times mentioned had a duty to properly manufacture, test, inspect, package, label, distribute, market, examine, maintain, supply, provide proper warnings and

4

prepare for use the Dry Package Maker.

21. Newnes and USNR at all times mentioned knew or in the exercise of reasonable care should have known that the Dry Package Maker was of such a nature that it was not properly manufactured, tested, inspected, packaged, distributed, marketed, examined, sold, supplied, prepared and/or provided with the proper warnings, and was unreasonably likely to injure the Dry Package Maker's users.

22. Newnes and USNR so negligently and carelessly designed, manufactured, tested, failed to test, inspected, failed to inspect, packaged, labeled, distributed, recommended, displayed, sold, examined, failed to examine and supplied the Dry Package Maker, that they knew was dangerous and unsafe for the use and purpose for which it was intended.

23. Newnes and USNR were aware of the probable consequences of the Dry Package Maker. Newnes and USNR knew or should have known the Dry Package Maker would cause serious injury; they failed to disclose the known or knowable risks associated with the Dry Package Maker. Newnes and USNR willfully and deliberately failed to avoid those consequences, and in doing so, Newnes and USNR acted in conscious and intentional disregard of the safety of the public, particularly the users and consumers of the Dry Package Maker.

24. Defendants, Newnes and USNR , owed a duty to Plaintiff to adequately warn him of the risks associated with operating the Dry Package Maker with the machine forks in auto versus manual mode.

25. Defendants, Newnes and USNR , breached their duty by failing to comply with state and federal regulations concerning the study, testing, design, development, manufacture, inspection, production, advertisement, marketing, promotion, distribution, and/or sale of the Dry Package Maker.

26. As a direct and proximate result of the duties breached, the Dry Package Maker malfunctioned, resulting in Plaintiff suffering pain, harm and permanent impairment.

27. As a direct and proximate result of Newnes and USNR's negligence, Plaintiff has suffered substantial injuries and damages.

28. Newnes and USNR's conduct in continuing to market, sell and distribute the Dry Package Maker after obtaining knowledge regarding the product's dangerous and defective condition(s) showed complete indifference to or a conscious disregard for the safety of others, justifying and an award of additional damages for aggravating circumstances in such a sum which will serve to deter Newnes, USNR and others from similar conduct in the future.

## COUNT II-STRICT PRODUCT LIABILITY

29. Plaintiff re-alleges and incorporates by reference each and every allegation contained in preceding paragraphs as though fully set forth herein.

30. Newnes and USNR designed, manufactured, assembled, distributed, conveyed and/or sold the Dry Package Maker for the purpose of safely packaging lumber.

31. The Dry Package Maker was defective because it failed to perform safely and effectively for the purpose it was originally designed.

32. At all times mentioned, the Dry Package Maker was substantially in the same condition as when it left the possession of the Defendants, Newnes and USNR.

33. The Dry Package Maker that caused Plaintiff's injuries was being used in a manner reasonably anticipated at the time of the subject incident.

34. The Dry Package Maker, particularly the one at issue here, at the time it left the possession of Newnes and USNR, was inherently dangerous for its intended use and was an

6

unreasonably dangerous product which presented and constituted an unreasonable risk of danger and injury to Plaintiff and in violation of Miss. Code Ann. §11-1-63, as follows:

    i.    The Dry Package Maker was designed in a defective manner;

    ii.    The Dry Package Maker was sold in a defective condition by design and manufacture;

    iii.    The Dry Package Maker, as designed and manufactured, was unsafe to Plaintiff;

    iv.    The Dry Package Maker, as designed and manufactured, was unreasonably dangerous to Plaintiff;

    v.    The Dry Package Maker did not perform safely as an ordinary consumer, like Plaintiff, would expect;

    vi.    The Dry Package Maker, as designed and manufactured, was unsafe for its intended use;

    vii.    The Dry Package Maker was defective because it failed to contain adequate warnings or instructions;

    viii.    Newnes and USNR failed to warn the end user about the dangers and risks of the product;

    ix.    Newnes and USNR knew the component parts of the Dry Package Maker, as implemented through design and/or manufacture, could cause injury to the end user;

    x.    The Dry Package Maker breached an express warranty or failed to conform to other express factual representations upon which the Plaintiff justifiably relied in electing to use the product;

xi.   Any other acts or failures to act by Newnes and USNR regarding the studying, testing, designing, developing, manufacturing, inspecting, producing, advertising, marketing, promoting, distributing, and/or sale of the Dry Package Maker as will be learned and/or uncovered during discovery.

35.   Newnes and USNR's conduct in continuing to market, sell and distribute the Dry Package Maker after obtaining knowledge regarding the product's dangerous and defective condition(s) and that the product was not performing as represented and intended showed complete indifference to or a conscious disregard for the safety of others, justifying an award of additional damages for aggravating circumstances in such a sum which will serve to deter Newnes, USNR and others from similar conduct in the future.

## COUNT III-NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

36.   Plaintiff re-alleges and incorporates by reference each and every allegation contained in preceding paragraphs as though fully set forth herein.

37.   Plaintiff suffered severe emotional distress, which was a direct result of Defendants' negligent conduct in studying, designing, developing, testing, inspecting, manufacturing, producing, advertising, marketing, promoting, distributing, and/or selling of the Dry Package Maker.

38.   Plaintiff suffered severe emotional distress, which was a direct result of Newnes and USNR's negligent conduct in failing to adequately and safely design and construct an effective and safe Dry Package Maker. Therefore, Newnes and USNR are liable to Plaintiff.

39.   Newnes and USNR's conduct in continuing to market, sell and distribute the Dry Package Maker after obtaining knowledge regarding the product's dangerous and defective condition(s) and that the product was not performing as represented and intended showed complete

8

indifference to or a conscious disregard for the safety of others, justifying an award of additional damages for aggravating circumstances in such a sum which will serve to deter Newnes, USNR and others from similar conduct in the future.

## COURT IV-BREACH OF IMPLIED WARRANTY

40. Plaintiff re-alleges and incorporates by reference each and every allegation contained in preceding paragraphs as though fully set forth herein.

41. Newnes and USNR sold the Dry Package Maker which caused Plaintiff's injuries. Newnes and USNR impliedly warranted to Plaintiff and other end users of their product that the Dry Package Maker was of merchantable quality and safe for the use for which it was intended.

42. Newnes and USNR knew or should have known that the Dry Package Maker, at the time of sale, was intended to be used for the purpose of safely packaging lumber.

43. Plaintiff and other end users of the product reasonably relied on Newnes and USNR's judgment, indications and statements that the Dry Package Maker was fit for such use.

44. When the Dry Package Maker(s) were distributed into the stream of commerce and sold by Newnes and USNR, they were unsafe for their intended use, and not of merchantable quality, as warranted by Newnes and USNR; they were unsafe for their intended use, and not of merchantable quality, as warranted by Newnes and USNR, in that they had very dangerous properties when used as intended and they could cause serious injury, harm or death to the end user.

45. Plaintiff suffered such injuries and damages as a result of Newnes and USNR's conduct and actions.

## COUNT V-BREACH OF EXPRESS WARRANTY

46. Plaintiff re-alleges and incorporates by reference each and every allegation contained in preceding paragraphs as though fully set forth herein.

47.  Defendants' advertisements and promotional statements contained broad claims amounting to a warranty that their products were safe and not defective.

48.  Defendants breached their warranties by offering for sale, and selling an defective, unsafe and unreasonably dangerous product.

49.  This breach of the express warranties has caused Plaintiff severe, painful and permanent injuries.

## COURT VI-FAILURE TO WARN

50.  Plaintiff re-alleges and incorporates by reference each and every allegation contained in preceding paragraphs as though fully set forth herein.

51.  In the course of business, Newnes and USNR designed, manufactured and sold the Dry Package Maker to various companies for lumber packaging.

52.  At the time of the design, manufacture and sale of the Dry Package Maker, and more specifically at the time Plaintiff was performing his job duties with the machine, the Dry Package Maker was defective and unreasonably dangerous when put to its intended and reasonably anticipated use. Further, the Dry Package Maker was not accompanied by proper warnings regarding significant adverse consequences of operating the Dry Package Maker with the machine forks in auto versus manual mode.

53.  Newnes and USNR failed to provide any warnings, labels or instructions of the product's dangerous propensities that were known or reasonably scientifically knowable at the time of distribution. The reasonably foreseeable use of the products involved significant dangers not readily obvious to the ordinary user of the product.  Newnes and USNR failed to warn of the known or knowable injuries associated with malfunction of the Dry Package Maker.

10

54. The dangerous and defective conditions in the Dry Package Maker existed at the time the machine was delivered by the manufacturer to the company. At the time Plaintiff was injured, the Dry Package Maker was in the same condition as when manufactured, distributed and sold.

55. Plaintiff did not know at the time of use of the Dry Package Maker, nor at any time prior thereto, of the existence of the defects in the machine.

56. Plaintiff suffered the aforementioned injuries and damages as a direct result of Newnes and USNR's failure to warn.

## DAMAGES

57. Plaintiff re-alleges and incorporates by reference each and every allegation contained in preceding paragraphs as though fully set forth herein.

58. As a direct and proximate result of the concurrent, intentional, willful, unlawful, reckless, wanton, grossly negligent, and/or negligent acts of the Defendants, Craig Nunnery suffered severe, painful and permanent injuries to his body. Craig Nunnery suffered serious injuries and incurred damages including, but no limited to, the following:

a.    Past, present, and future medical expenses;

b.    Past, present, and future loss of household services;

c.    Past, present and future physical pain and suffering;

d.    Past, present and future mental and emotional distress;

e.    Past, present and future loss of income;

f.    Permanent loss of wage earning capacity;

g.    Loss of enjoyment of life;

h.    Inconvenience and discomfort;

11

I.       Permanent impairment; and

j.       any other damages that the Court or jury deems just and proper.

59. Plaintiff further requests any other relief that the Court or jury deems equitable, just and

appropriate, based upon the circumstances.

## PUNITIVE DAMAGES

60. Plaintiff is entitled to recover exemplary and punitive damages from the Defendants

because of the gross negligence, recklessness, and wanton disregard for the safety of others (Craig

Nunnery).

61. Plaintiff requests a jury trial.

**WHEREFORE, PREMISES CONSIDERED,** the Plaintiff demands a judgment, jointly

and severally, of and from the Defendants, for actual, compensatory, and punitive damages, plus pre-

judgment and post-judgment interest, attorney's fees, all costs accrued in this action, and any other

relief which the Court or jury deems just and appropriate.

RESPECTFULLY SUBMITTED, this the 18th day of February, 2022.

**CRAIG NUNNERY**

BY: _Jwon J. Nathaniel_

JWON T. NATHANIEL, MSB NO. 101925
ATTORNEY FOR PLAINTIFF

OF COUNSEL:

NATHANIEL LAW FIRM, PLLC
Post Office Box 5445
Brandon, Mississippi 39047
Telephone: 601-937-2535
Facsimile: 601-519-0017
E-mail: Jwon_Nathaniel@yahoo.com

## IN THE CIRCUIT COURT OF PIKE COUNTY, MISSISSIPPI

**CRAIG NUNNERY**                                                          **PLAINTIFF**

**VS.**

CIVIL ACTION NO. 22-15-PCT

**COE NEWNES/MCGEHEE, INC., d/b/a USNR;**
**USNR, LLC, JOHN DOE PERSONS A-M;**
**and JOHN DOE ENTITIES N-Z**                                              **DEFENDANTS**

### SUMMONS

THE STATE OF MISSISSIPPI

TO THE SHERIFF OF OR ANY OTHER PERSON DULY AUTHORIZED TO SERVE SUMMONS, GREETINGS:

YOU ARE HEREBY COMMANDED TO SUMMONS:

> **Coe Newnes/McGehee, Inc., d/b/a USNR**
> **c/o C.T. Corporation System, Registered Agent for Service of Process**
> **645 Lakeland East Drive, Suite 101**
> **Flowood, Mississippi 39232**

### NOTICE TO DEFENDANT

**THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS.**

You are required to mail or hand-deliver a copy of a written response to the Complaint to Jwon T. Nathaniel, Attorney for the Plaintiff, whose post office address is Post Office Box 5445, Brandon, Mississippi 39047, and whose street address is 750 Avignon Drive, Suite 3, Ridgeland, Mississippi 39157. Your response must be mailed or delivered within thirty (30) days from the date of delivery of this Summons and Complaint or a judgment by default will be entered against you for the money or other things demanded in the Complaint.

You must also file the original of your response to the Complaint with the Clerk of this Court within a reasonable time afterward.

Issued under my hand and the seal of said Court, this 18 day of February 2022.

**ROGER A. GRAVES, CIRCUIT CLERK**

By: _Roger A. Graves_                    D.C.
By: _Breanna Butrich_

Prepared By:

Jwon T. Nathaniel, MSB No. 101925
Nathaniel Law Firm, PLLC
Post Office Box 5445
Brandon, Mississippi 39047
Telephone: (601) 937-2535
Facsimile: (601) 519-0017

## IN THE CIRCUIT COURT OF PIKE COUNTY, MISSISSIPPI

**CRAIG NUNNERY**

**PLAINTIFF**

**VS.**

CIVIL ACTION NO. _22-15-PCT_

**COE NEWNES/MCGEHEE, INC., d/b/a USNR;**
**USNR, LLC, JOHN DOE PERSONS A-M;**
**and JOHN DOE ENTITIES N-Z**

**DEFENDANTS**

### SUMMONS

THE STATE OF MISSISSIPPI

TO THE SHERIFF OF OR ANY OTHER PERSON DULY AUTHORIZED TO SERVE SUMMONS, GREETINGS:

YOU ARE HEREBY COMMANDED TO SUMMONS:

> **USNR, LLC**
> **c/o C.T. Corporation System, Registered Agent for Service of Process**
> **645 Lakeland East Drive, Suite 101**
> **Flowood, Mississippi 39232**

### NOTICE TO DEFENDANT

**THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS.**

You are required to mail or hand-deliver a copy of a written response to the Complaint to Jwon T. Nathaniel, Attorney for the Plaintiff, whose post office address is Post Office Box 5445, Brandon, Mississippi 39047, and whose street address is 750 Avignon Drive, Suite 3, Ridgeland, Mississippi 39157. Your response must be mailed or delivered within thirty (30) days from the date of delivery of this Summons and Complaint or a judgment by default will be entered against you for the money or other things demanded in the Complaint.

You must also file the original of your response to the Complaint with the Clerk of this Court within a reasonable time afterward.

Issued under my hand and the seal of said Court, this _18_ day of _February_ _____, 2022.

**ROGER A. GRAVES, CIRCUIT CLERK**

By: _Roger A. Graves_
By: _Breanna Butrick_

Prepared By:

Jwon T. Nathaniel, MSB No. 101925
Nathaniel Law Firm, PLLC
Post Office Box 5445
Brandon, Mississippi 39047
Telephone: (601) 937-2535
Facsimile: (601) 519-0017

## IN THE CIRCUIT COURT OF PIKE COUNTY, MISSISSIPPI

**CRAIG NUNNERY**                                                    **PLAINTIFF**

**VS.**                                                    **CIVIL ACTION NO. 22-15-PCT**

**COE NEWNES/MCGEHEE, INC., d/b/a USNR;**
**USNR, LLC, JOHN DOE PERSONS A-M;**
**and JOHN DOE ENTITIES N-Z**                          **DEFENDANTS**

---

### SUBPOENA DUCES TECUM

---

STATE OF MISSISSIPPI
COUNTY OF PIKE

TO ANY LAWFUL OFFICER OR ANY OTHER PERSONS AUTHORIZED TO SERVE
SUBPOENAS:

We direct you to subpoena the following person/company:

**TO:**   Weyerhaeuser
ATTN: Custodian of Records/Human Resources Department
2056 Jesse Hall Industrial Park Road
Magnolia, Mississippi 39652

Pursuant to Mississippi Rule of Civil Procedure 45, to be and appear at the law office of

Nathaniel Law Firm, PLLC, 750 Avignon Drive, Suite 3, Ridgeland, Mississippi 39157, on May 16,

2022, at 10:00 a.m. and to produce and bring with you the following documents or, in the alternative,

to mail the documents listed below to the office of Nathaniel Law Firm, PLLC, Post Office Box

5445, Brandon, Mississippi 39047, Attention: Attorney Jwon T. Nathaniel

> A **CERTIFIED COPY** of the following as they relate to an on the job
> accident that occurred on February 22, 2019, involving **CRAIG NUNNERY**
> and the **DRY PACKAGE MAKER** machine that he was operating at the
> time of the accident:
>
> (1)   Any and all investigative reports, accident reports, incident
> reports, OSHA reports, photographs, office notes, statements,
> affidavits, telephone calls, voice records, video tapes, and any
> all documents, records, reports, etc. in your possession
> regarding the individual and machine involved in the work
> related accident listed above for the date listed above; and

(2)   Any and all retail purchase agreements, owner's manuals, instruction manuals, operation manuals, maintenance and/or service records, installation records, modification and/or alteration records, correspondence, electronic communication, telephonic communication, contracts, lease agreements, and any and all other books, papers, documents, and tangible things that in any way relate to and/or are associated with the above described machine.

This subpoena duces tecum does not require your appearance. The items requested may be delivered by you in person or by United States mail to arrive at the aforesaid location on or before the date and time stated herein. However, no records are to be sent until ten (10) days from the date that this subpoena is served.

**HEREIN YOU SHALL NOT FAIL UNDER PENALTY IN SUCH CASE PROVIDED**, and have then and there this writ.

**WITNESS** my signature and seal of this office, this the __18__ day of __April__, 2022.

ROGER A. GRAVES, PIKE COUNTY CIRCUIT COURT CLERK

BY: *Roger A. Graves*
**DEPUTY CLERK**
*By: Breanna Butrick*

OF COUNSEL:

Jwon T. Nathaniel, Esq.
Nathaniel Law Firm, PLLC
750 Avignon Drive, Suite 3
Ridgeland, Mississippi 39157
Telephone: (601) 937-2535
Facsimile: (601) 519-0017

# NATHANIEL LAW FIRM, PLLC

Physical Address:
750 Avignon Drive, Suite 3
Ridgeland, MS 39157

Telephone: (601) 937-2535
Facsimile: (601) 519-0017
Email: Jwon_Nathaniel@yahoo.com

Mailing Address:
Post Office Box 5445
Brandon, MS 39047

April 15, 2022

Mr. Roger A. Graves
Pike County Circuit Court Clerk
Post Office Box 31
Magnolia, Mississippi 39652

> **Re:** *Craig Nunnery vs. Coe Newnes/McGehee, Inc., d/b/a USNR, USNR, LLC, John Does Persons A-M, and John Doe Entities N-Z*; In the Circuit Court of Pike County, Mississippi; Civil Action No. 22-15-PCT

Dear Mr. Graves:

Enclosed for issuance in the above referenced matter, please find a Civil Subpoena Duces Tecum for Weyerhaeuser. Please issue the Subpoena in your usual and customary manner. My firm will retrieve a filed copy of the issued Subpoena via the MEC filing system.

As usual, I appreciate your assistance with this matter. If you should have any questions or comments regarding this matter, please do not hesitate to contact me at your earliest convenience.

With kindest regards, I remain

Sincerely,

Jwon T. Nathaniel

Jwon T. Nathaniel

JTN/lrs
Enclosure

cc:    Mr. Craig Nunnery (w/encl.)

Case 5:22-cv-00056-DCB-BWR   Document 1-2   Filed 07/13/22   Page 23 of 29
Case: 57CI1:22-cv-00015   Document #: 6   Filed: 05/02/2022   Page 1 of 3
Case: 57CI1:22-cv-00015   Document #: 5   Filed: 04/18/2022   Page 1 of 2

## IN THE CIRCUIT COURT OF PIKE COUNTY, MISSISSIPPI

**CRAIG NUNNERY**                                                                    **PLAINTIFF**

VS.                                                              **CIVIL ACTION NO. 22-15-PCT**

**COE NEWNES/MCGEHEE, INC., d/b/a USNR;**
**USNR, LLC, JOHN DOE PERSONS A-M;**
**and JOHN DOE ENTITIES N-Z**                                    **DEFENDANTS**

---

### SUBPOENA DUCES TECUM

---

STATE OF MISSISSIPPI
COUNTY OF PIKE

TO ANY LAWFUL OFFICER OR ANY OTHER PERSONS AUTHORIZED TO SERVE
SUBPOENAS:

　　　　We direct you to subpoena the following person/company:

**TO:**　　Weyerhaeuser
　　　　ATTN: Custodian of Records/Human Resources Department
　　　　2056 Jesse Hall Industrial Park Road
　　　　Magnolia, Mississippi 39652

　　　　Pursuant to Mississippi Rule of Civil Procedure 45, to be and appear at the law office of

Nathaniel Law Firm, PLLC, 750 Avignon Drive, Suite 3, Ridgeland, Mississippi 39157, on May 16,

2022, at 10:00 a.m. and to produce and bring with you the following documents or, in the alternative,

to mail the documents listed below to the office of Nathaniel Law Firm, PLLC, Post Office Box

5445, Brandon, Mississippi 39047, Attention: Attorney Jwon T. Nathaniel

　　　　　　　　　　A **CERTIFIED COPY** of the following as they relate to an on the job
　　　　　　　　　　accident that occurred on February 22, 2019, involving **CRAIG NUNNERY**
　　　　　　　　　　and the **DRY PACKAGE MAKER** machine that he was operating at the
　　　　　　　　　　time of the accident:

　　　　　　　　　　(1)　　　Any and all investigative reports, accident reports, incident
　　　　　　　　　　　　　　reports, OSHA reports, photographs, office notes, statements,
　　　　　　　　　　　　　　affidavits, telephone calls, voice records, video tapes, and any
　　　　　　　　　　　　　　all documents, records, reports, etc. in your possession
　　　　　　　　　　　　　　regarding the individual and machine involved in the work
　　　　　　　　　　　　　　related accident listed above for the date listed above; and

Case 5:22-cv-00056-DCB-BWR   Document 1-2   Filed 07/13/22   Page 24 of 29
Case: 57CI1:22-cv-00015      Document #: 6      Filed: 05/02/2022      Page 2 of 3
Case: 57Ch1:22-cv-00015      Document #: 5      Filed: 04/18/2022      Page 2 of 2

(2)   Any and all retail purchase agreements, owner's manuals, instruction manuals, operation manuals, maintenance and/or service records, installation records, modification and/or alteration records, correspondence, electronic communication, telephonic communication, contracts, lease agreements, and any and all other books, papers, documents, and tangible things that in any way relate to and/or are associated with the above described machine.

This subpoena duces tecum does not require your appearance. The items requested may be delivered by you in person or by United States mail to arrive at the aforesaid location on or before the date and time stated herein. However, no records are to be sent until ten (10) days from the date that this subpoena is served.

**HEREIN YOU SHALL NOT FAIL UNDER PENALTY IN SUCH CASE PROVIDED,**

and have then and there this writ.

**WITNESS** my signature and seal of this office, this the _18_ day of _April_, 2022.

**ROGER A. GRAVES, PIKE COUNTY CIRCUIT COURT CLERK**

BY: _Roger A. Graves_

**DEPUTY CLERK**
By: _Breanna Butrick_

OF COUNSEL:

Jwon T. Nathaniel, Esq.
Nathaniel Law Firm, PLLC
750 Avignon Drive, Suite 3
Ridgeland, Mississippi 39157
Telephone: (601) 937-2535
Facsimile: (601) 519-0017

RETURN

STATE OF MISSISSIPPI
COUNTY OF _____Pike_____

I, _Charles Stepter_, do hereby certify that I have this day served the

attached Civil Subpoena Duces Tecum upon Weyerhaeuser, 2056 Jesse Hall Industrial Park Road,

Magnolia, Mississippi 39652, in the following manner:

_Ms Connie Johnson_

THIS, the _25_ day of _April_, 2022.

BY: _____
SIGNATURE

_1350 cunnigen St_
ADDRESS

_Magnolia MS 39652_
CITY        STATE      ZIP CODE

SWORN TO AND SUBSCRIBED BEFORE ME, this the _26_ day of _April_,
2022.

_Roger A. Graves_
NOTARY PUBLIC
By: _Breanna Butrich_

## IN THE CIRCUIT COURT OF PIKE COUNTY, MISSISSIPPI

CRAIG NUNNERY                                                      PLAINTIFF

VS.                                                  CIVIL ACTION NO. 22-15-PCT

COE NEWNES/MCGEHEE, INC., d/b/a USNR;
USNR, LLC, JOHN DOE PERSONS A-M;
and JOHN DOE ENTITIES N-Z                                        DEFENDANTS

### SUMMONS

THE STATE OF MISSISSIPPI

TO THE SHERIFF OF OR ANY OTHER PERSON DULY AUTHORIZED TO SERVE SUMMONS, GREETINGS:

YOU ARE HEREBY COMMANDED TO SUMMONS:

Coe Newnes/McGehee, Inc., d/b/a USNR
c/o C.T. Corporation System, Registered Agent for Service of Process
645 Lakeland East Drive, Suite 101
Flowood, Mississippi 39232

### NOTICE TO DEFENDANT

### THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS.

You are required to mail or hand-deliver a copy of a written response to the Complaint to Jwon T. Nathaniel, Attorney for the Plaintiff, whose post office address is Post Office Box 5445, Brandon, Mississippi 39047, and whose street address is 750 Avignon Drive, Suite 3, Ridgeland, Mississippi 39157. Your response must be mailed or delivered within thirty (30) days from the date of delivery of this Summons and Complaint or a judgment by default will be entered against you for the money or other things demanded in the Complaint.

You must also file the original of your response to the Complaint with the Clerk of this Court within a reasonable time afterward.

Issued under my hand and the seal of said Court, this 18 day of February, 2022.

ROGER A. GRAVES, CIRCUIT CLERK

By: Roger A. Graves                              D.C.
By: Breanna Butrick

Prepared By:

Jwon T. Nathaniel, MSB No. 101925
Nathaniel Law Firm, PLLC
Post Office Box 5445
Brandon, Mississippi 39047
Telephone: (601) 937-2535
Facsimile: (601) 519-0017

## PROOF OF SERVICE-SUMMONS

NAME OF PERSON SERVED _____ the

undersigned process server, served the Summons and Complaint by

__X__ **PERSONAL SERVICE on the** _13_ day of _June_ , 2022

_____ **RESIDENCE SERVICE.** After exercising reasonable diligence, I was unable to deliver copies to said person within _____ County, Mississippi. I served the summons and Complaint on the _____ day of ___, 2022 , at the usual place of abode of said person by leaving a true copy of the summons and Complaint with_____

_____ who is the _____ , (wife, husband, son, daughter or other person so as the case may be), a member of the family of the person served above the age of sixteen years and willing to receive the summons and complaint.

At the time of service, I was at least 18 years of age and not a party to this action.

**Process Server Must List Below:**

Name: _Alicia Howard_

Address: _5951 Pear Orchard_

Phone: _____

Fee for Service: ____

STATE OF MISSISSIPPI
COUNTY OF HINDS _Ms_

PERSONALLY APPEARED BEFORE ME, the undersigned authority in and for the jurisdiction aforesaid, the within named _Alicia Howard_ _____ who, being first duly sworn by me, states on oath that the matters and facts set forth in the foregoing "Proof of Service-Summons" are true and correct as therein stated.

_Alicia Howard_
PROCESS SERVER

SWORN TO AND SUBSCRIBED BEFORE ME, this the _21_ day of _June_
2022.

_____
NOTARY PUBLIC

My Commission Expires: _____

Case 5:22-cv-00056-DCB-BWR   Document 1-2   Filed 07/13/22   Page 28 of 29
Case: 57CI1:22-cv-00015   Document #: 8   Filed: 06/30/2022   Page 1 of 2
Case: 57CI1:22-cv-00015   Document #: 4   Filed: 02/18/2022   Page 1 of 1

## IN THE CIRCUIT COURT OF PIKE COUNTY, MISSISSIPPI

CRAIG NUNNERY                                      **PLAINTIFF**

VS.                        CIVIL ACTION NO. 22-15-PCT

COE NEWNES/MCGEHEE, INC., d/b/a USNR;
USNR, LLC, JOHN DOE PERSONS A-M;
and JOHN DOE ENTITIES N-Z                      **DEFENDANTS**

### SUMMONS

THE STATE OF MISSISSIPPI

TO THE SHERIFF OF OR ANY OTHER PERSON DULY AUTHORIZED TO SERVE SUMMONS, GREETINGS:

YOU ARE HEREBY COMMANDED TO SUMMONS:

> USNR, LLC
> c/o C.T. Corporation System, Registered Agent for Service of Process
> 645 Lakeland East Drive, Suite 101
> Flowood, Mississippi 39232

### NOTICE TO DEFENDANT

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS.

You are required to mail or hand-deliver a copy of a written response to the Complaint to Jwon T. Nathaniel, Attorney for the Plaintiff, whose post office address is Post Office Box 5445, Brandon, Mississippi 39047, and whose street address is 750 Avignon Drive, Suite 3, Ridgeland, Mississippi 39157. Your response must be mailed or delivered within thirty (30) days from the date of delivery of this Summons and Complaint or a judgment by default will be entered against you for the money or other things demanded in the Complaint.

You must also file the original of your response to the Complaint with the Clerk of this Court within a reasonable time afterward.

Issued under my hand and the seal of said Court, this 18 day of February 2022.

ROGER A. GRAVES, CIRCUIT CLERK

By: Roger A. Graves         D.C.
By: Breanna Butrick

Prepared By:

Jwon T. Nathaniel, MSB No. 101925
Nathaniel Law Firm, PLLC
Post Office Box 5445
Brandon, Mississippi 39047
Telephone: (601) 937-2535
Facsimile: (601) 519-0017

### PROOF OF SERVICE-SUMMONS

NAME OF PERSON SERVED _____ the
undersigned process server, served the Summons and Complaint by
___ ✓ ___ **PERSONAL SERVICE on the** _13_ day of _June_ , 2022
_____ **RESIDENCE SERVICE.** After exercising reasonable diligence, I was unable to
deliver copies to said person within _____ County, Mississippi. I served the
summons and Complaint on the _____ day of ___, 2022 , at the usual place of abode of
said person by leaving a true copy of the summons and Complaint with_____
_____ who is the _____ , (wife, husband,
son, daughter or other person so as the case may be), a member of the family of the person
served above the age of sixteen years and willing to receive the summons and complaint.
At the time of service. I was at least 18 years of age and not a party to this action.

**Process Server Must List Below:**

Name _Alicia Howard_

Address: _5951 Pear Orchard Rd_

Phone: _____

Fee for Service: _75_

STATE OF MISSISSIPPI
COUNTY OF HINDS _Ms_

PERSONALLY APPEARED BEFORE ME, the undersigned authority in and for the
jurisdiction aforesaid, the within named _Alicia Howard_ who, being
first duly sworn by me, states on oath that the matters and facts set forth in the foregoing
"Proof of Service-Summons" are true and correct as therein stated.

_Alicia Howard_
PROCESS SERVER

SWORN TO AND SUBSCRIBED BEFORE ME, this the _21_ day of _June_
2022.

_____
NOTARY PUBLIC

My Commission Expires:

STATE OF MISSISSIPPI
NOTARY PUBLIC
ID # 127930
HANNAH R. WILLIAMS
Commission Expires
April 1, 2023
HINDS COUNTY